Judgment reversed.

FAIN and DONOVAN, JJ., concur.

The STATE of Ohio, Appellee,

v.

WENZLICK, Appellant.

[Cite as *State v. Wenzlick,* 164 Ohio App.3d 155, 2005-Ohio-5741.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–04–064.

Decided Oct. 28, 2005.

156

Raymond C. Fischer, Wood County Prosecuting Attorney, and Jacqueline M. Kirian, Assistant Prosecuting Attorney, for appellee.

John P. Donahue, for appellant.

---

Sкow, Judge.

{¶ 1} Appellant, Jeff Wenzlick, appeals his convictions in the Wood County Court of Common Pleas for sexual battery and burglary. For the reasons that follow, those convictions are reversed, the sentence is vacated, and the case is remanded for further proceedings.

{¶ 2} On June 19, 2003, appellant was indicted on one count of sexual battery in violation of R.C. 2907.03(A), a felony of the third degree, and one count of burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree.

{¶ 3} An initial pretrial conference was held on August 11, 2003, after which the matter was continued for a pretrial/motion hearing on November 10, 2003, and a jury trial was set for February 24–26, 2004.

{¶ 4} On February 5, 2004, appellant's initial counsel, Stevin Groth, requested a continuance of the trial dates. The court granted the request and set the matter "for possible suppression hearing, motion hearing and a hearing on discovery issues" on February 24, 2004. The new trial dates were scheduled for May 11–13, 2004.

{¶ 5} On April 22, 2004, attorney Jerome Phillips entered his appearance as co-counsel for the defendant. Soon after, attorneys Groth and Phillips filed a motion requesting a continuance of the May 2004 trial dates.

{¶ 6} The trial court granted the motion, apparently on the grounds that neither Groth nor Phillips was prepared to try the case on the scheduled dates. After noting that Groth would no longer be acting as co-counsel for appellant in the case, the court made the following statements regarding the continuance:

{¶ 7} "The Court notes that this is not the first delay in this case. This matter was originally to have been tried on February 24, 25, 26, 2004. However, on the defendant's request, the February trial dates were vacated and the trial dates of May 11, 12, 13, 2004 were established. Again today, on the defendant's request, new trial dates have been established.

{¶ 8} "While it is true that pursuant to R.C. 2945.72(H), the time in which an accused must be brought to trial may be extended for the period of any continuance that is granted on the accused's own motion, and while it is also true that this defendant has signed numerous speedy trial waivers, *this Court hereby notifies both the defendant and defense counsel that the trial dates that it sets today will not be disturbed for any reason.*" (Emphasis added.)

{¶ 9} Three weeks or so before the June trial date, Phillips suffered a double fracture of his left forearm, which rendered him unable to write. As a result, he

filed a written motion to vacate trial dates in all his cases that had looming trials. The motion to continue in this case stated that he thought he would be physically able to try the case by mid-July. This motion was faxed to Wood County Common Pleas Court around 1:00 p.m. on June 9, 2004. At or near 4:00 p.m. on June 9, the court denied the motion to continue, reiterating the earlier statement that the June 28, 2004 trial date would not be disturbed "for any reason." The denial entry cited no further reason and—obviously—was made without hearing.

{¶ 10} Upon receipt of the court's denial, Phillips advised appellant to seek the services of other counsel. On June 16, 2004, appellant retained attorney Lorin Zaner to represent him. And on June 17, 2004, Phillips filed a motion to withdraw as counsel and to substitute Zaner as new counsel.

{¶ 11} Zaner immediately filed a motion to continue the trial on the grounds that he had only recently been retained and, with only 12 days left before trial, did not have sufficient time to prepare his case. The state did not file any objection to this motion.

{¶ 12} On June 21, 2004, the court summoned the lawyers and appellant to appear for a pretrial conference to discuss the pending motions. The judge, however, did not participate in the conference. Instead, the judge's criminal bailiff presided over the meeting. At the judge's behest, she stated that unless Zaner would represent to the court on the record that he was prepared to go forward with the jury trial on June 28, the judge would deny the motion to substitute. Faced with these untenable choices, Zaner opted to say that he was ready, as it was preferable to leaving appellant without physically capable counsel. In fact, Zaner was not prepared to go forward, and he was whipsawed into saying he was.

{¶ 13} The trial went on as scheduled, and on June 30, 2004, the jury returned a verdict of guilty as to both counts as charged in the indictment. By judgment entry and order journalized on September 15, 2004, the court classified appellant as a sexually oriented offender and sentenced him to a one-year term of imprisonment for the sexual-battery offense and to a two-year term of imprisonment for the burglary offense, with the two terms ordered to be served concurrently.

{¶ 14} Appellant timely appealed the convictions, raising the following assignments of error:

{¶ 15} Assignment of Error I: "The trial court unreasonably and arbitrarily interfered with appellant's rights to counsel and to due process of law."

{¶ 16} Assignment of Error II: "Appellant was denied the effective assistance of counsel at every stage of the proceedings below."

{¶ 17} Assignment of Error III: "The assistant prosecutor's remarks to the jury were improper and prejudicial."

{¶ 18} Assignment of Error IV: "Appellant's rights to be present at all stages of a jury trial and to meaningful appellate review were eviscerated by the trial court's impermissible ex parte jury view."

{¶ 19} Assignment of Error V: "Appellant's convictions were based upon speculative inferences insufficient to enable the jury to conclude that the evidence supported a finding that appellant committed the offense of sexual battery."

{¶ 20} Assignment of Error VI: "Appellant's convictions are contrary to the manifest weight of the evidence."

{¶ 21} Assignment of Error VII: "The cumulative effect of the harmless errors committed below deprived appellant of a fair trial."

{¶ 22} We begin with an examination of appellant's first assignment of error, wherein he argues that the trial court, in failing to grant his attorneys' last two requests for a continuance, unreasonably and arbitrarily interfered with his rights to counsel and to due process of law.

{¶ 23} A determination whether to grant or to deny a continuance is a matter left to the broad, sound discretion of the trial judge. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921; *State v. Bayless* (1976), 48 Ohio St.2d 73, 101, 2 O.O.3d 249, 357 N.E.2d 1035. Absent an abuse of discretion, a denial of a continuance is not reversible on appeal. Id. " '[A]buse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 24} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite,* 376 U.S. at 589, 84 S.Ct. 841, 11 L.Ed.2d 921.

{¶ 25} Among the considerations that should be evaluated in reviewing a trial court's exercise of discretion are the length of the delay requested; whether other continuances have been requested and granted; any inconvenience to the litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or is merely dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance that gives rise to the request for a continuance; and any other relevant factors, depending on the unique facts of each case. *State v. Unger* (1981), 67 Ohio St.2d 65, 67–68, 21 O.O.3d 41, 423

N.E.2d 1078, citing *United States v. Burton* (C.A.D.C.1978), 584 F.2d 485, *Giacalone v. Lucas* (C.A.6, 1971), 445 F.2d 1238.

{¶ 26} In the instant case, the trial court's denial of the last two requests for continuance appear to have been based on a blind and uncompromising adherence to the third scheduled trial dates. Although consideration of the two earlier continuances that had been requested and granted is both relevant and proper, and certainly weighs in favor of the trial court's decision, there is nothing in the record to suggest that the trial court considered any other relevant factors that were known to it at the time the requests were denied. Such factors included (1) that there were legitimate reasons for the requested continuances, (2) that appellant in no way contributed to the circumstances giving rise to the need for the continuances, (3) that there was no other competent counsel who was prepared to try the case on June 28, 2004, and (4) that there was no evidence to suggest that the granting of an additional continuance would have resulted in inconvenience to the litigants, witnesses, counsel, or the court. In our opinion, the failure of the trial court to consider all of the relevant factors amounts to an abuse of discretion.

{¶ 27} A further, and more egregious, example of the unreasonableness of the trial court's unyielding commitment to keeping the June 2004 trial dates occurred during the June 21, 2004 pretrial when the trial court—through its bailiff— pressured Zaner into stating that he was prepared to try the case, despite his earlier admission to the contrary. In forcing Zaner to make this misrepresentation, the court, in a relentless and single-minded quest to ensure that the trial would be heard on schedule, simply ran roughshod over the interests of justice. In making this choice, the trial court clearly lost its way.

{¶ 28} For all of the foregoing reasons, appellant's first assignment of error is well taken. In light of this determination, we find that the remaining assignments of error are moot, and, therefore, we decline to give them any additional consideration. See App.R. 12(C).

{¶ 29} The judgment of conviction and the sentence are reversed, and the cause is remanded to the Wood County Court of Common Pleas for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgment reversed
and cause remanded.

SINGER, P.J., and PIETRYKOWSKI, J., concur.